# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43895

| | | |
|---|---|---|
| In the Matter of: JANE DOE, <br> A Child Under Eighteen Years of Age. | ) <br> ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) <br> ) <br> ) | 2016 Unpublished Opinion No. 499 |
| | ) | Filed: April 27, 2016 |
| Petitioner-Respondent, | ) <br> ) | Stephen W. Kenyon, Clerk |
| v. | ) <br> ) | |
| JANE DOE I (2016-3), | ) <br> ) <br> ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant <br> and | ) <br> ) <br> ) | |
| JOHN DOE, | ) <br> ) | |
| Respondent, <br> and | ) <br> ) <br> ) | |
| JACK BONAWITZ / CASA, | ) <br> ) | |
| Guardian Ad Litem-Respondent. | ) <br> ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Carolyn M. Minder, Magistrate.

Memorandum decision and order terminating parental rights and judgment, <u>affirmed</u>.

Barnum Law, PLLC; Randall Barnum, Boise, for appellant. (Jane Doe)

Hon. Lawrence G. Wasden, Attorney General; Mary Jo Beig, Deputy Attorney General, Boise, for respondent. (H&W)

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate's memorandum decision and order terminating her parental rights.[1] Jane Doe argues there is not substantial and competent evidence to support the

---

[1]    John Doe has not appealed.

magistrate's finding that she neglected her child or that she was unable to discharge her parental responsibilities and that such inability would continue for a prolonged period of time. Finally, Doe argues the magistrate erred in concluding that terminating Doe's parental rights was in the best interest of the child. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe is the mother of S.B., born August 9, 2014. At birth, S.B. was declared in imminent danger because she tested positive for methamphetamines; she was placed in foster care nine days later. Doe also tested positive for methamphetamine at the time of S.B.'s birth. S.B. was given morphine to address her methamphetamine withdrawal and thereafter had to be weaned off the morphine. S.B. had never been in Doe's care throughout the entirety of S.B.'s life.

The State filed a child protection action alleging Doe neglected S.B. based on Doe's substance abuse addiction, rendering her unable to provide for the child, and based on Doe's periods of incarceration, rendering her unavailable to S.B.

Doe stipulated to the Department of Health and Welfare's jurisdiction at the adjudicatory hearing; after the hearing, Doe was taken into custody on unrelated criminal charges. Subsequently, a case plan was developed for Doe and she stipulated to granting the Department legal custody of S.B. In the intervening time, Doe was released from custody and various status conferences were scheduled. Doe failed to appear for at least one scheduled court hearing, actively used methamphetamine when not in custody, and ultimately was again placed in custody on unrelated criminal matters.

Another status conference was scheduled for May 19, 2015, to discuss what progress Doe had made on her case plan. Doe appeared but was not actively working her case plan despite being released from custody on April 20, 2015. As a result, a permanency hearing was held. Prior to the permanency hearing, Doe was again in custody on unrelated criminal matters and was transported to the permanency hearing. At that hearing, the court ordered termination of parental rights as the permanent plan.

The State then filed a petition for termination of parent-child relationship. While some of the counts applied to John Doe, S.B.'s father, Count III alleged that Jane Doe neglected S.B. by

2

failing to comply with the case plan requirements. Count IV alleged Jane Doe neglected S.B. based on her "prolonged and chronic incarceration status."

A trial was held and the parties stipulated that Doe had not completed the required tasks of her case plan, with the exception of participating in a family group decision meeting, attending one medical appointment, and attending some supervised visits with the child. The parties also stipulated that Doe completed a CAPP program during a period of retained jurisdiction in 2015 and received a Certificate of Completion for that program, Doe completed a prior period of retained jurisdiction in 2003, Doe had outstanding felony and misdemeanor charges at the time of the termination hearing, and none of Doe's three children resided with her. At the conclusion of the trial, the State moved to add an additional count to the petition, Count V. Count V alleged Jane Doe neglected S.B. as defined by Idaho Code § 16-2002(3)(b)(i) and (ii) in that Doe failed to comply with the court-ordered case plan and the Department had custody of S.B. for fifteen of the most recent twenty-two months, and reunification had not been accomplished by the last day of the fifteenth month.

Based on the testimony elicited at trial, the magistrate concluded that Doe had a substance abuse problem since she was fifteen years of age. Further, although Doe disavowed any significant mental health issues, she had several mental health hospitalizations, had failed to comply with her case plan relative to addressing her mental health issues, and had no plan for addressing her mental health issues in the future. The magistrate also found Doe had never been employed, had no reliable source of income, was dependent upon her mother for housing, could not remember or articulate what she had learned in the "Infant Toddler Program," and in sum, had a "lack of insight into her significant issues which directly disqualify her from safely parenting the child at issue . . . ."

The magistrate also considered the testimony of the guardian ad litem, who testified Doe was simply unprepared and unable to parent and had never established any ability to meet S.B.'s needs. The social worker testified similarly to the guardian ad litem. Doe testified and disputed the testimony of the guardian ad litem and the social worker. Based on the evidence presented and considered, the magistrate concluded Doe had neglected S.B. on several different bases and terminated Doe's parental rights on the grounds that termination was in the best interest of the child. Doe timely appealed.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*. 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five

4

factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe argues there is not substantial and competent evidence to support the magistrate's determination that S.B. was neglected or that Doe was unable to discharge her parental responsibilities. Doe finally argues the magistrate erred in terminating Doe's parental rights in the best interest of the child. The State disagrees, arguing the magistrate made no errors and there is substantial and competent evidence to support the magistrate's decision.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(28), as well as situations where the parent has failed to comply with the court's orders or the case plan in a child protective act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(28)(a)[2] provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate terminated Doe's parental rights on the ground of neglect by failing to comply with the case plan, and also found she was unable to discharge parental responsibilities and such inability would continue for a prolonged indeterminate period and would be injurious to the health, morals, or well-being of the child. In this case, there was substantial and competent evidence to support the magistrate's decision.

---

[2]    Idaho Code § 16-1602 was amended and renumbered in 2014. Such amendment changed the numbering, but not the substance, of the subsections. Citation is to the 2014 amended statute for ease of reference.

The parties stipulated that Doe had not completed the required tasks of her case plan with the exception of participating in a family group decision meeting, attending one medical appointment, and attending some supervised visits with the child. The parties also stipulated that Doe had never provided any care for S.B. and that S.B. had been in the Department's custody for fifteen of the last twenty-two months from the date S.B. entered shelter care. As such, there was sufficient and competent evidence that Doe had neglected S.B. by virtue of failing to comply with the case plan and not having custody of S.B. for fifteen of the last twenty-two months.

The court also considered the testimony of the guardian ad litem and the social worker assigned to the case, both of whom provided ample testimony of Doe's inability to safely parent S.B., her inability and unwillingness to comply with the case plan recommendations, and Doe's magical thinking about her ability to successfully and safely parent S.B. Finally, the court considered the testimony of Doe.

Although Jane Doe disputed some of the evidence offered to show neglect and that termination of maternal rights would not be in the best interest of the child, the magistrate was the finder of fact and it was up to the magistrate court to resolve those disputes. The magistrate court did so. There is substantial evidence, corroborated by the testimony of the guardian ad litem, the social worker, and the medical reports, that despite Doe's contentions to the contrary, S.B. had been neglected by Doe. We conclude that substantial and competent evidence supports the magistrate court's finding of neglect. For the same reasons, the magistrate did not err in concluding that Doe was unable to discharge parental responsibilities and such inability would continue for a prolonged period of time, resulting in injury to the health, morals, and well-being of S.B.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In the Matter of Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When considering the best interest of the child, a trial court may consider numerous factors including the improvement of the child while in foster care. *See Doe v. Idaho Dep't of Health & Welfare*, 122 Idaho 644, 648, 837 P.2d 319, 323 (Ct. App. 1992). Expert testimony is not required to establish that termination would be in the child's best interest. *Doe v. Roe*, 133 Idaho 805, 809, 992 P.2d 1205, 1209 (1999). When determining whether termination is in the child's best interest, the trial court may consider the stability and permanency of the home, unemployment of the parent,

financial contribution of the parent to the child's care after the child is placed in protective custody, improvement of child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Id.*; *Doe*, 122 Idaho at 648, 837 P.2d at 323.

The magistrate concluded S.B. had improved while in foster care and substantial and competent evidence supports that finding. The magistrate found S.B. had been successfully weaned from the methamphetamine and the morphine; she was placed in foster care upon her release from the hospital; and she was happy and active, although was displaying some developmental delays and medical issues which the foster parents were prepared to address. The magistrate further concluded Doe failed to comply with the requirements of her case plan, had been incarcerated for nearly S.B.'s entire life, had failed to establish a long-term stable home for S.B., was unwilling and unprepared to address her mental health or anger management issues, could not remain drug-free outside a custodial setting for any period of time, and could not obtain employment to provide for the financial needs of S.B. As such, the magistrate did not err in finding that terminating Doe's parental rights was in the best interest of the child.

## IV.

## CONCLUSION

The magistrate's finding of neglect is supported by substantial and competent evidence as is the determination that termination of Jane Doe's parental rights was in the best interest of the child. We affirm the magistrate's decision.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

7